UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | 2:13-cr-0817-CAS | Date | May 16, 2016 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Laura Elias | Stephen Wolfe |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Luis Vega | | X | X | Mark Windsor | | X | X |

**Proceedings:** DEFENDANT LUIS VEGA'S MOTION TO SEVER DEFENDANTS (dkt. 172, filed April 20, 2016)

## I.   INTRODUCTION AND BACKGROUND

On November 19, 2013, a federal grand jury returned a seven-count indictment against Jose Avelar, a.k.a. "Chema"; Mario Rene Morales, a.k.a. "Plucky"; and Luis Vega, a.k.a. "Lil One." Dkt. 1. The Indictment separately charges (a) Avelar in Count 1 with distribution of methamphetamine on November 20, 2008; Morales in Counts 3, 5, and 7 with distribution of methamphetamine on February 18, 2010, July 28, 2011, and September 22, 2011, respectively; and Vega in Counts 2 and 4 with distribution of methamphetamine on November 11, 2009, and March 18, 2010, respectively. Id. Defendants Avelar, Morales, and Vega, "each aiding and abetting the other," are charged jointly in Count 6 with distribution of approximately 131.5 grams of methamphetamine on August 9, 2011. Id.

Trial in this matter is currently set for February 14, 2017 at 9:30 a.m. Dkt. 169. On April 20, 2016, defendant Luis Vega ("Vega") filed the instant motion to sever defendants. Dkt. 172 ("Motion"). On April 28, 2016, the government filed an opposition. Dkt. 176 ("Opp'n"). On May 16, 2016, the Court held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

In the instant motion, defendant Luis Vega moves to sever the remaining defendants in this case. See Motion. Vega argues that severance is appropriate (1) because "joinder of these defendants runs a . . . risk of a prejudicial spillover effect given the likelihood that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

government will seek to introduce firearms related evidence against Mr. Morales, which would not be admissible against Mr. Vega," and because the evidence regarding Count 6 "is qualitatively different as to Mr. Vega than as to [Morales]"; and (2) because "joinder has prejudiced Mr. Vega, and may well continue to do so, by undercutting Mr. Vega's rights to a speedy trial." Motion at 1-2.

  A.  **Legal Standard**

  Federal Rule of Criminal Procedure 8(b) permits the joinder of two or more defendants in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Further, "defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Id.

  The Ninth Circuit has explained that the "term 'transaction' [as used in Rule 8(b)] is interpreted flexibly, and whether a 'series' exists depends on whether there is a 'logical relationship' between the transactions." United States v. Vasquez-Velasco, 15 F.3d 833, 843 (9th Cir. 1994) (citations omitted). "A logical relationship is typically shown 'by the existence of a common plan, scheme, or conspiracy.' " Id. at 844 (citations omitted). "Mere factual similarity between the events is not a sufficient basis for joinder, [citation], nor is the mere showing that the events occurred at about the same time or that the acts violated the same statute." Id. at 843-44 (citations omitted). Because "[t]he goal of Rule 8(b) is to maximize trial convenience and efficiency with a minimum of prejudice, Rule 8(b) is construed liberally in favor of joinder." United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999) (citations and quotations omitted); see also Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together.").

  However, courts have discretion to sever defendants' trials pursuant to Federal Rule of Criminal Procedure 14(a) where joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). When defendants properly have been joined pursuant to Rule 8(b), severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539 (1993). In evaluating any prejudicial effect of a joint trial, courts consider such factors as:

> (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant;
>
> (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

> (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and
>
> (4) whether [defendants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

United States v. Fernandez, 388 F.3d 1199, 1241 (9th Cir. 2004), modified, 425 F.3d 1248 (9th Cir. 2005).

### B. Prejudicial Spillover

Vega first argues that "[i]t is clear from the discovery that the evidence against [Morales] is far more direct and compelling than the evidence against [Vega] with regard to Count 6, and that the government intends to introduce evidence of firearms trafficking against [Morales]." Motion at 6. Specifically, Vega avers that the evidence against Morales is "overwhelming" because Morales was present at the exchange with the Criminal Informant ("CI"), was observed taking money and handing the CI narcotics, made arrangements for future deals with the CI, and was recorded setting up the drug transaction with the CI. Motion at 7-8. In contrast, Vega asserts that his alleged involvement "rests entirely on the word of a confidential informant . . . who [purportedly] has tremendous incentive to lie." Id. at 8. Specifically, Vega contends that the government has confirmed that (1) the CI was paid more than $68,000 for her work with law enforcement, (2) that but for her cooperation, the CI would be deported from the United States, (3) that the CI has obtained a work permit for herself and her family as a result of her cooperation with law enforcement, (4) that the CI's DUI school fees were paid by the government, and (5) that the CI has at least 2 prior misdemeanor convictions. Id. In Vega's view, "[t]hese circumstances place the case against [him] in an entirely different category than the case against Morales as to Count 6 of the indictment," such that severance is warranted. Id.; see also United States v. Garner, 837 F.2d 1404, 1413 (7th Cir. 1987) (noting severance under Rule 14 might be required where there is a "gross disparity in the weight of the evidence against the defendants").

At bottom, Vega's arguments amount to a generic contention that a jury will be unable to compartmentalize evidence relevant exclusively to proving Morales's guilt. But prejudice from a refusal "to sever counts can be cured by proper jury instructions, and juries are generally presumed to follow their instructions." United States v. Hickerson, 489 F.3d 742, 746 (5th Cir. 2007); see also United States v. Matta Ballesteros, 71 F.3d 754, 771 (9th Cir. 1995) opinion amended on denial of reh'g, 98 F.3d 1100 (9th Cir. 1996) ("Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

applicability of the evidence to each defendant."). Although Vega argues there is a "gross disparity" in the evidence pertaining to the different defendants here, such that Vega "may suffer transference of guilt merely due to his association with a more culpable defendant," he does not explain why a jury, provided with appropriate instructions, would be incapable of segregating this evidence. See United States v. Van Cauwenberghe, 827 F.2d 424, 432 (9th Cir. 1987) ("When . . . the district court instruct[s] the jury to consider the guilt or innocence of each co-defendant separately, in light of the evidence against that defendant, the jury is presumed to have obeyed."). Ultimately, the Court is unconvinced that an appropriately-instructed jury cannot "reasonably be expected to collate and appraise the individual evidence against each defendant." Fernandez, 388 F.3d at 1241.

### C. Prejudice with regard to Speedy Trial Rights

In a brief paragraph, Vega also notes that this trial has been continued several months at the request of defendant Morales and over Vega's objection. Accordingly, Vega agues that his right to a speedy trial has already "been undercut" by Morales's requests for these continuances, and because Morales may further delay Vega's trial with continued requests, severance is warranted. The government argues that defendant has not articulated any serious prejudice to him resulting from any delay in the joint trial. Indeed, the government notes that defendant's motion does not mention that he is detained in this district and awaiting trial in a related and older case, United States v. Vega, et al., CR 13-484-CAS, which is set for trial in October 2016 and which is expected to last into November of this year. Opp'n at 5-6. Of course, defendant will be in custody in that case without regard to this case. Because defendant has failed to identify any prejudice that has resulted or may result from any continuances in the trial date here, the Court declines to sever the defendants in this action on this ground.

## III. CONCLUSION

Vega has not demonstrated that a joint trial will "compromise a specific trial right . . . or prevent the jury from making a reliable judgment about [his] guilt or innocence." Zafiro, 506 U.S. at 539. Accordingly, the Court **DENIES** without prejudice Vega's motion to sever.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Deputy Clerk |  | CMJ |  |